UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CYNTHIA HAMLIN IRELAND,

                  Plaintiff,                            **ORDER**

      -against-                               CV 00-2412 (DRH)

SUFFOLK COUNTY OF NEW YORK, *et al.*,

                  Defendants.
-----------------------------------------------------------X
-----------------------------------------------------------X
TOWN BOARD OF THE TOWN OF
SOUTHAMPTON, *et al.*,

                  Plaintiffs,                     CV 04-4841 (DRH)

      -against-

COUNTY OF SUFFOLK OF NEW YORK,
*et al.*,

                  Defendants.
-----------------------------------------------------------X

**ORENSTEIN, Magistrate Judge:**

      The above two actions present common issues of facts and law and involves the design, construction and maintenance of the Georgica Groins. Accordingly, the Court joined the actions for the purpose of completion of discovery.

      At this time the plaintiffs in each action move by letter application for an order granting leave to depose Dr. Lee Koppelman as an expert and fact witness and, if necessary, using such deposition at trial in lieu of a personal appearance by the witness, and for leave to depose a second unidentified witness as a fact witness and use such deposition at trial, instead of a personal appearance. *Harris Letter*, dated March 17, 2006; *Ireland Letter*, dated March 22, 2006.

      The County of Suffolk partially opposes the applications. *Bartoldus Letter*, dated March 21, 2006. It opposes the application of the plaintiff, Ireland, to designate Dr. Koppelman as an expert and fact witness in her action, in that it asserts that such designation after the deadlines for completion of fact discovery and designation of expert witnesses is too late. Suffolk County also states that if the Court permits the deposition of the unidentified fact witness to be used at trial, then the procedures used to take and use Dr. Koppelman's deposition should be applied.

The application to depose, *de bene esse* the unidentified witness is denied without prejudice to a renewal thereof after identification of the witness and a statement of the witness' proposed testimony.

The application to depose Dr. Lee Koppelman *de bene esse*, as an expert witness is granted. However, prior to the admission of the deposition the County of Suffolk, if it deems it appropriate, may on a motion *in limine* address the issue of his expertise.

The County of Suffolk's opposition to Dr. Koppelman as a fact witness is vague. Dr. Koppelman as a proposed expert witness will be offering opinions based upon facts and other records, documents and reports he has reviewed. Dr. Koppelman can not divorce himself from the facts he learned in the positions he held on Long Island.

The opposition of the defendant to the plaintiff Ireland using Dr. Koppelman's testimony, expert and fact is premature. The issue raised can not be determined until it is decided if the cases will be tried jointly. Nevertheless at this time, the plaintiff Ireland shall be permitted to fully participate in the Koppelman deposition and if necessary, the deposition transcript or video may be edited later.

**SO ORDERED.**

Dated: Central Islip, New York
March 23, 2006

MICHAEL L. ORENSTEIN
United States Magistrate Judge